### CORNELIUS RILEY *v.* JOHN HINES' CURATOR.

[Abstract Kentucky Law Reporter, Vol. 2—318.]

**Limitations.**

> Where a claim is barred by the statute of limitations, evidence of a new promise to pay the debt is held to be a failure of proof.

**Pleadings on Claim Barred by Limitation.**

> When the statute of limitations is pleaded as a defense, and a new promise in avoidance is relied upon, it must be alleged, in the original or an amended petition, if the new promise be made after the limitation shall be complete, for the reason it is a new cause of action and must be declared upon as a basis to authorize proof upon it.

### APPEAL FROM LOGAN CIRCUIT COURT.

March 2, 1881.

OPINION BY JUDGE HARGIS:

The appellee, who was the plaintiff below, declares on a note which was clearly barred by limitation, nothing else appearing, and, in anticipation of the plea of the statute of limitations, alleged that the appellant had, by a letter written at a certain date, which was

within fifteen years after the note fell due, promised to pay it. The appellant answered and pleaded limitation in bar of the note and non est factum to the letter.

The parties went to trial, and the appellee declined to read the disputed letter, upon which suspicion was cast by his failure to present it in evidence and the offer of the appellant to prove it to be spurious, and introduced testimony of a verbal promise to pay the note claimed to have been made at a wholly different time and prior to the date of the letter by the appellant, who objected to the admission of the evidence. Having appealed from a judgment on a verdict against him for the amount of the note, he insists that there was a failure of proof to sustain the alleged cause of action.

In this position, we agree with appellant. Where the action was to recover a debt barred by a release, evidence of a new promise to pay the debt was held to be a failure of proof, in *Moore v. McKibbin*, 33 Barb. (N. Y.) 246. Newman on Pleading and Practice, p. 722, citing this case, lays it down that the same rule would no doubt be applied if the original cause of action was barred by the statute of limitations.

If limitation be pleaded and new promise in avoidance be relied on, it must be alleged, either in the original or amended petition, if the new promise be made after the limitation shall be complete, because it is a new cause of action and must be declared on to authorize the hearing of proof upon it.

But, if the new promise be made before the completion of the period of limitation, it is not necessary to allege it, under the old code, to render evidence of its existence admissible; yet, if a party alleged a specific promise in writing to avoid the anticipated plea of limitation, which would manifestly constitute a complete bar to the action without it, there is no reason why he should not be confined to the promise selected and solemnly relied on by himself. But there are many good reasons against a departure from this rule, which can find no better illustration than is furnished by the facts and management of this action in the trial court.

Under our present code, while it would have been unnecessary to embrace the new promise in the petition, yet, upon the affirmative plea of limitation being presented, it would have been necessary to reply and either deny the plea or confess and avoid it by alleging a new promise or some other matter in avoidance.

There is no difference in the elements necessary to constitute a

new promise made within a period of limitation and subsequent to its completion. In either case the same quantity of evidence is necessary to sustain the promise which constitutes in both predicaments the substantive cause upon which the promise must succeed. We are therefore of the opinion that the evidence of an oral promise was irrelevant to the issue formed by the pleadings.

Wherefore the judgment is *reversed* and cause remanded with directions to grant the appellant a new trial and for further proper proceedings.

*R. S. Bevier, for appellant.*

*J. H. Bowden, for appellee.*